## THE ANSON M. BANGS.

### (Circuit Court of Appeals, Second Circuit. March 2, 1904.)

#### No. 125.

1. COLLISION—STEAM TUG AND SCHOONER.

A tug held solely in fault for a collision with a schooner on a crossing course for persisting in her course, on the theory that the schooner would not run out her tack which she was privileged to do, with the duty resting on the tug to keep out of her way.

2. SAME—DAMAGES—EVIDENCE.

Hearsay testimony introduced on a hearing before a commissioner to determine the damages caused by collision must be treated as of no probative force, although not objected to until the filing of exceptions to the commissioner's report, and will not warrant a finding not supported by other evidence.

Appeal from the District Court of the United States for the Eastern District of New York.

Le Roy S. Gove, for appellant.

Chas. C. Burlingham, for appellee.

Before WALLACE and COXE, Circuit Judges.

WALLACE, Circuit Judge. The concise opinion of Judge Thomas in the court below covers the facts and the law of the case as regards the responsibility of the tug for the collision so adequately that little further need be said. We have carefully examined the record and concur in his conclusions. It will not be useful to discuss the evidence. The primary fault which led to the collision was the persistency of the tug in keeping her course along the westward side of the channel upon the theory that the schooner would not run out her starboard tack, when a slight change of her course to port at the time she made a slight change of her course to starboard would have carried her astern of the schooner. The schooner was privileged to run out her tack, and it was her duty in doing so not to change her course unless required by the exigencies contemplated by the twenty-fourth rule of navigation, and it was obligatory upon the tug as a steam vessel to keep out of the schooner's

¶ 2. See Admiralty, vol. 1, Cent. Dig. § 618.

way. Although the schooner held her course for a short time after it was apparent that she would strike the tug's hawser or scow unless the tug made a decisive change of course, that conduct is not to be deemed a fault. It was her duty to hold her course until it was plain that the tug could not so maneuver as to avert the peril. The absence of a lookout on the schooner, or one who was attending to his duty, did not contribute in the least to the collision, as the collision took place in the daylight, and the master of the schooner, who was in charge of her navigation, was himself keeping a lookout, was otherwise unoccupied, and observed the tug vigilantly for the half or quarter of an hour which intervened before the risk of collision and actual collision.

We must assume, from the assignments of error and argument at the bar, that the appellants seriously care to contest the award of damages. Eliminating the hearsay testimony which was introduced by the libelants before the commissioner, the amount of the loss was not sufficiently established, and, although no objection was taken to this testimony until exceptions were filed to the report of the commissioner, it must be treated as of no probative force.

The decree will be reversed, without costs in this court, and with instructions to the District Court to ascertain the amount of damages, and decree for the libelants, with costs of that court.